105 F.3d 660
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
William J. RENZULLI, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-2359.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 5, 1996.*
Decided Dec. 9, 1996.
 
 Before POSNER, Chief Judge, and CUMMINGS and EVANS, Circuit Judges.
 
 ORDER
 
 1
 On March 29, 1989, William Renzulli pleaded guilty to conspiracy to distribute fifty kilograms of cocaine. Renzulli was one of the most culpable conspirators. He was sentenced on December 7, 1990 to one hundred months imprisonment to be followed by ten years of supervised release. He brought no direct appeal. Renzulli now brings this petition for relief pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel. In a thorough opinion the district court determined that Renzulli's arguments failed to support the contention that his counsel's performance was substandard and prejudicial as required for a claim of ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 687 (1984). Renzulli adds little to support his arguments on appeal.
 
 
 2
 Indeed, Renzulli's own version of the facts fails to overcome the Strickland presumption of effective assistance. He concedes lengthy and exhaustive interrogatories by counsel. He concedes counsel's subsequent discussions with the prosecutor. He concedes counsel's explanation that the more Renzulli would cooperate, the greater the chance of a "good" reduced-sentence agreement. These types of discussions are benchmarks of basic services required of defense counsel. See United States v. Price, 988 F.2d 712, 715-16 (7th Cir.1993).
 
 
 3
 Renzulli urges on appeal that the district court erred by improperly relying upon the fact that Renzulli, when ultimately sentenced, received a reduction for acceptance of responsibility. Renzulli points out that he had the services of a different attorney at that time. Nevertheless, even without the sentence reduction, nothing Renzulli argues supports the contention that his original attorney fell below the Strickland performance standard.
 
 
 4
 Furthermore, as the district court aptly noted, the overwhelming evidence of Renzulli's guilt, combined with the fact that his flight from the jurisdiction had no effect on his sentence, work strongly against any finding of prejudice in the proceedings as a result of counsel's advice to plead guilty and alleged advice to escape the jurisdiction.
 
 
 5
 Finally, Renzulli argues that his attorney used Renzulli's mental condition to the advantage of the prosecution. Even construing that this argument was appropriately raised below, it is without merit. The record clearly demonstrates that Renzulli's counsel argued for the withdrawal of Renzulli's guilty plea specifically on the basis of his mental condition. Transcript of Proceedings before Judge Nordberg, at pages 3-4, (June 5, 1989). In addition, the record shows that the district court fully considered counsel's arguments on the basis of Renzulli's supposed mental condition. Id. at 9-11. The district court did not err in denying Renzulli's § 2255 motion.
 
 
 6
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)